**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NESS DEUTSCHLAND GMBH and NESS KE, S.R.O. <br>     *Plaintiffs,* <br> v. <br><br> SOLAR TURBINES INC. and SOLAR TURBINES SLOVAKIA S.R.O. <br>     *Defendants.* | § § § § § § § § § § § | C.A. No. _____ |

**NOTICE OF REMOVAL BY DEFENDANT SOLAR TURBINES INCORPORATED**

Defendant Solar Turbines Incorporated ("STI") hereby removes this action from the 189th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court.

**I.      Introduction**

1. On June 7, 2021, Ness Deutschland Gmbh ("NDG") and Ness KE, S.R.O. ("NKE") (collectively, "Plaintiffs") commenced a civil action against STI and Solar Turbines Slovakia S.R.O. ("STS") in the 189th Judicial District Court of Harris County, Texas, bearing Cause No. 2021-34085, styled *Ness Deutschland Gmbh and Ness KE, S.R.O. v. Solar Turbines Inc. and Solar Turbines Slovakia S.R.O.* (the "Petition").[1]

2. STI was served Plaintiffs' Petition on June 17, 2021.

3. This Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy exceeds the sum of $75,000,

---

[1] Pl. Pet. (Ex. 1).

exclusive of costs and interest, and the parties are completely diverse. Alternatively, STI is diverse from Plaintiffs, and STS—another Slovakian entity—has been improperly joined. Therefore, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## II.     Removal is Proper in This Case

### A.     The amount in controversy exceeds $75,000.

4. The face of the Petition states that the amount in controversy exceeds the sum of value of $75,000, exclusive of interest and costs. Plaintiffs assert claims for tortious interference with contract, participation in breach of fiduciary duties, misappropriation of trade secrets, and civil conspiracy, and maintains that STI is liable for "monetary relief over $250,000."[2]

5. Because Plaintiffs represent that they seek at least $250,000 in monetary damages as well as exemplary damages, the amount in controversy requirement is clearly satisfied.

### B.     There is complete diversity of citizenship of the parties.

6. At the time this action was commenced and at present, Plaintiff NDG is a German GmbH[3] with its headquarters in Hamburg, Germany.[4] Federal courts have held that a GmbH is analogous to an "LLC" in the United States for purposes of diversity jurisdiction. *See Keshock v. Metabowerke GmbH*, C.A. No. 15–00345–CG–N, 2015 WL 10458544, at *5 (S.D. Ala. Sept. 25, 2015) ("As a 'Gesellschaft mit beschränkter Haftung,' it is most similar to an 'LLC' business form in the United States."); *Andrews v. Mazda Motor Corp.*, No. 1:14–cv–03432–WSD, 2015 WL

---

[2] Ex. 1 ¶ 1. Plaintiffs also seek recovery of punitive and exemplary damages. Ex. 1 at ¶ 81. While STI rejects Plaintiffs' contentions that exemplary damages (or any damages) are warranted in this matter, "[t]he Fifth Circuit has held that the amount in controversy may include punitive damages if they are recoverable as a matter of state law." *Holland v. CitiMortgage, Inc.*, No. 4:16-CV-3219, 2017 WL 1409137, at *1 (S.D. Tex. Apr. 20, 2017) (*citing St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)); *Celestine v. TransWood, Inc.*, 467 Fed. App'x 317, 319 (5th Cir. 2012).

[3] GmbH is an abbreviation of the German phrase "Gesellschaft mit beschränkter Haftung," which translates to "company with limited liability."

[4] Ex. 1 ¶ 2.

1851159, at *1 (N.D. Ga. Apr. 22, 2015) (describing GmbH as a "German limited liability company."). "[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). NDG's sole member is Ness Technologies (East) B.V.[5] Ness Technologies (East) B.V. is a "besloten vennootschap" ("B.V.") organized under the laws of the Netherlands, which has been determined to be equivalent to a "corporation" for the purpose of establishing subject matter jurisdiction. *See BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (finding treatment of a Netherlands BV as a close corporation to be "straightforward"); *D & J Invs. of Cenla LLC v. Baker Hughes A GE Co., LLC*, 501 F. Supp. 3d 389, 399 (W.D. La. Nov. 18, 2020) ("[T]he Court agrees with the Seventh Circuit and holds that a B.V. should be treated as a corporation rather than an unincorporated entity for diversity of citizenship purposes."). For diversity purposes, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Ness Technologies (East) B.V. is a citizen of the Netherlands, where it is incorporated and has its principal place of business.[6] Thus, for purposes of diversity jurisdiction, NDG is a citizen of the Netherlands.

7. Plaintiff NKE is a Slovakian "spoločnosť s ručením obmedzeným," ("s.r.o.") which is analogous to a limited liability company.[7] As such, NKE's citizenship is determined by the citizenship of all its members. *See MidCap Media,* 929 F.3d at 314. NKE's members—called "Partners" in Slovakia—are Ness Technologies (East) B.V. and NESS USA, INC.[8] As noted

---

[5] Ex. 2, List of Shareholders for NDG; Ex. 3, Report showing Incorporation of NDG.
[6] Ex. 4, Report showing Incorporation of Ness Technologies (East) B.V.; Ex. 5, Excerpt of website showing Ness Technologies (East) B.V.'s principal place of business in the Netherlands.
[7] Ex. 1 ¶ 3; Ex. 6, Extract from Slovak Business Register for NKE.
[8] Ex. 6, Extract from Slovak Business Register for NKE listing NKE's Partners at p. 1.

above, Ness Technologies (East) B.V. is a citizen of the Netherlands. The other member of NKE is NESS USA, INC., which is a Pennsylvania corporation with its primary place of business in Pennsylvania.[9] Thus, for purposes of diversity jurisdiction, NKE is a citizen of the Netherlands and Pennsylvania.

8. At the time this action was commenced and at present, STI is a Delaware corporation with its primary place of business in San Diego, California.[10] Accordingly under 28 U.S.C. § 1332(c)(1), STI is a citizen of Delaware and California.

9. At the time this action was commenced and at present, STS is a Slovakian "s.r.o.", which is a limited liability company as noted above.[11] Thus, its citizenship is determined by the citizenship of its members; STS's members are Caterpillar Used Equipment Services Inc. and Caterpillar Remanufacturing Drivetrain LLC.[12] Caterpillar Used Equipment Services Inc. is a Delaware corporation with its primary place of business in Tennessee.[13] Caterpillar Remanufacturing Drivetrain LLC's sole member is Caterpillar Used Equipment Services Inc.[14] Thus, for purposes of diversity jurisdiction, STS is a citizen of the Delaware and Tennessee.

---

[9] Ex. 7, Excerpt of Pennsylvania Department of State website regarding incorporation of NESS USA, Inc.; Ex. 8, Excerpt of website showing Ness USA, Inc.'s primary business address in Pennsylvania; Ex. 9, Report showing Incorporation of Ness USA, Inc.
[10] Ex. 1 ¶ 4; Ex. 10, Excerpt of State of Delaware website regarding incorporation of STI; Ex. 11, STI Delaware Incorporation; Ex. 12, Excerpt of website showing STI's primary business address in California.
[11] Ex. 1 ¶ 5; Ex. 13, Translation of Commercial Extract from Slovak Business Register for STS at p. 7.
[12] Ex. 13, Translation of Commercial Extract listing STS's Partners at pp. 8-9.
[13] Ex. 14, Excerpt of State of Delaware website regarding incorporation of Caterpillar Used Equipment Services Inc.; Ex. 15, Caterpillar Used Equipment Services Inc. Delaware Incorporation; Ex. 16, Report showing Caterpillar Used Equipment Services Inc.'s primary place of business in Tennessee.
[14] Ex. 17, Caterpillar Remanufacturing Drivetrain LLC Corporate data sheet.

10. To summarize, as shown in the chart below, for purposes of diversity jurisdiction, Plaintiffs are citizens of the Netherlands and Pennsylvania. Defendants are citizens of Delaware, California, and Tennessee. The requirement of complete diversity of the parties is therefore satisfied.

|  | Plaintiffs | | | Defendants | |
|---|---|---|---|---|---|
| **Party** | Ness Deutschland GmbH | Ness KE, S.R.O. | v. | Solar Turbines Incorporated | Solar Turbines Slovakia, S.R.O. |
| **Diversity Jurisdiction Citizenship** | The Netherlands | The Netherlands, Pennsylvania | | Delaware, California | Delaware, Tennessee |

### C. Alternatively, there is complete diversity of citizenship as STS's citizenship must be ignored in the removal analysis because it was improperly joined.

11. If the parties are determined not to be completely diverse because of the presence of Slovakian entities on both sides, the requirement of complete diversity of the parties is nevertheless still met because STS was not properly joined to this action. Because it was improperly joined (as explained below), STS's citizenship is ignored for purposes of the removal analysis. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 948 (S.D. Tex. 2016) ("[T]he court may ignore an improperly joined, non-diverse defendant when determining its subject-matter jurisdiction.").

12. A defendant is improperly joined if there is no possibility of recovery by the plaintiff, meaning that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). The Court "conduct[s] a Rule 12(b)(6)-type analysis" to determine whether there is a reasonable basis to predict that the plaintiff may recover from the non-diverse defendant. *Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 915 (5th Cir. 2009). Alternatively, "if the plaintiff has stated a claim, but has misstated or omitted discrete facts

that would determine the propriety of joinder, the district court may pierce the pleadings and conduct a summary inquiry." *Id.* (internal quotations omitted).

13. Although the court conducts a rule 12(b)(6)-type analysis, several courts have addressed the issue of personal jurisdiction before or within the issues of fraudulent joinder and subject matter jurisdiction where personal jurisdiction was more easily resolved. *See, e.g., Evans v. Johnson & Johnson*, No. CIV.A. H–14–2800, 2014 WL 7342404, at *3 (S.D. Tex. Dec. 23, 2014) ("[T]he most efficient course of action is to consider the motion to dismiss for lack of personal jurisdiction, which results in dismissal of the claims of all plaintiffs except the single [diverse] plaintiff [and] thereafter deny the motion to remand because no non-diverse plaintiffs remain . . . ."); *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 164 F. Supp. 3d 1040, 1046 (N.D. Ill. 2016) (finding the issue of fraudulent joinder to be "more difficult and novel" than a straightforward personal jurisdiction analysis, meaning the personal jurisdiction analysis should precede the fraudulent joinder analysis); *Addelson v. Sanofi*, 2016 WL 6216124, at *2 (E.D. Mo. Oct. 25, 2016) (deciding the issue of personal jurisdiction to avoid deciding the more complex issue of fraudulent joinder); *Thomas v. Mitsubishi Motor N. Am., Inc.*, 436 F. Supp. 2d 1250, 1251–52 (M.D. Ala. 2006) (deciding the issue of personal jurisdiction as the basis for fraudulent joinder before deciding subject matter jurisdiction). Indeed, district courts have discretion whether to first address subject-matter jurisdiction or personal jurisdiction issues when both issues are presented. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999). Here, the analysis of personal jurisdiction over STS is straightforward and reveals Plaintiffs have no reasonable basis to recover against STS.

  **1. Plaintiffs have no reasonable basis to recover against STS because Texas courts do not have personal jurisdiction over STS**

14. A federal court sitting in diversity in Texas may exercise personal jurisdiction over a foreign defendant only if the Texas long-arm statute applies and the due process clause of the

Fourteenth Amendment is satisfied. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). The Texas long-arm statute has been interpreted as coextensive with the federal due process standards. *Id*. Due process has two requirements: (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of "fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (*citing Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). The minimum contacts requirement serves the purpose of protecting the defendant against the burdens of litigating in a distant and inconvenient forum by requiring that the "defendant's conduct and connection with the forum State [be] such that [a defendant] should reasonably anticipate being haled into court there." *Pervasive Software Inc.*, 688 F.3d at 228 (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92, 297 (1980)).

15. "Minimum contacts" can be established by either of two methods, specific jurisdiction or general jurisdiction. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Pervasive Software Inc.*, 688 F.3d at 230. "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG*, 571 U.S. at 118. Specific jurisdiction, on the other hand, is established "when a nonresident defendant's contacts with the forum state arise from or are directly related to the cause of action." *Kelso v. Lyford Cay Members Club Ltd.*, 162 Fed. App'x 361, 363 (5th Cir. 2006). The burden of litigating in this country imposed on parties residing in foreign countries justifies a conclusion that

"the minimum contacts analysis is particularly important when the defendant is from a different country." *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

16. Assuming the plaintiff can establish minimum contacts, factors determining whether the assertion of personal jurisdiction would offend traditional notions of "fair play and substantial justice" include: "the burden on the defendant, the interests of the forum State," "the plaintiff's interest in obtaining . . . relief" in the forum State, and the interests of other sovereigns in resolving the dispute. *World–Wide Volkswagen Corp*., 444 U.S. at 292 (citations omitted).

> **(i)**     **STS does not have *any* contacts with Texas, let alone minimum contacts.**

17. STS is a Slovakian limited liability company formed March 27, 2021 with its primary place of business in Košice, Slovakia.[15] All of STS's employees reside in Slovakia.[16] STS is not registered to do business in Texas, does not own any property in Texas, and does not have a registered agent in the state of Texas.[17] No representatives of STS have ever been to Texas on behalf of STS.[18] As such, it is clear STS does not have "affiliations with [Texas which] are so 'continuous and systematic' as to render [it] essentially at home" in Texas such that it is subject to general jurisdiction here. *See Daimler AG*, 571 U.S. at 119; *id*. at 118 ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business.").

18. STS also is not subject to specific jurisdiction in Texas, as STS does not have any purposeful contact with Texas related to any of Plaintiffs' asserted causes of action. None of the underlying activities related to Plaintiffs' claims for tortious interference, participation in breach

---

[15] *See* Ex. 13, Translation of Commercial Extract from Slovak Business Register for STS at p. 7; Ex. 18, Declaration of Marco Leon ¶ 2.
[16] Ex. 18, Declaration of Marco Leon ¶ 3.
[17] Ex. 18, Declaration of Marco Leon ¶ 4.
[18] Ex. 18, Declaration of Marco Leon ¶ 4.

of fiduciary duty, misappropriation of trade secrets, and civil conspiracy occurred in Texas.[19] Plaintiffs do not (and cannot) allege that any of these actions occurred in Texas, or had any effect in Texas.

19. Plaintiffs' only venue and jurisdictional allegation in its Petition is that "[v]enue is proper in [Harris County, Texas] under Texas Civil Practice and Remedy Code § 15.020(a) because the parties' relationship is governed by an agreement permitting 'any litigation based [on], airing out of, under, or in connection with' that agreement to be brought in the state courts of Harris County."[20] However, STS is not a party to the agreement the Petition references; the Master Services Agreement ("MSA") is by and between Solar Turbines Incorporated and Ness Deutschland GmbH and was executed on March 14, 2014—more than 7 years before STS even came into existence.[21] STS has never issued a Purchase Order to either NDG or NKE under the MSA and has never otherwise agreed or submitted to the terms of that contract.[22] Therefore, the provision of the MSA related to venue does not apply to STS and does not constitute a "contact" with Texas such that STS should be subject to personal jurisdiction.[23] Moreover, Plaintiffs' claims against STS cannot arise out of this contractual provision because STS is not a party to the contract.

---

[19] Ex. 18, Declaration of Marco Leon ¶ 6.
[20] Ex. 1 ¶ 6.
[21] Ex. 1 at Ex. 1, Master Services Agreement by and between Solar Turbines Incorporated and Ness Deutschland GmbH at 1.5 ("'Company' means Solar Turbines Incorporated….and any of its and their affiliates and subsidiaries who issue a Purchase Order to Contractor"), p. 26 (signature on behalf of Ness Deutschland GmbH); Ex. 13, Translation of Commercial Extract from Slovak Business Register for STS at p. 7 (showing STS was first formed March 27, 2021); Ex. 18, Declaration of Marco Leon ¶ 5.
[22] Ex. 18, Declaration of Marco Leon at ¶ 5. The Master Services Agreement between STI and NDG provides that an affiliate of STI can become party to the MSA if it issues a Purchase Order to NDG under the agreement. *See* Ex. 1 at Ex. 1, at 1.5 ("'Company' means Solar Turbines Incorporated….**and any of its and their affiliates and subsidiaries who issue a Purchase Order to Contractor**") (emphasis added).
[23] STI does not agree that the venue provision in the MSA applies to this action at all and does not waive its right to argue improper venue or inconvenient forum.

20. It is clear that STS does not have the minimum contacts—which are "particularly important when the defendant is from a different country"—to justify personal jurisdiction over it in Texas. *BMC Software*, 83 S.W.3d at 795.

### (ii) Exercise of personal jurisdiction over STS would offend notions of fair play and substantial justice.

21. While the Court need not even reach the question of whether exercise of personal jurisdiction over STS would offend notions of fair play and substantial justice because of the lack of STS contacts with Texas, considerations of the burdens of a foreign company litigating in the United States and foreign comity weigh heavily in favor of denying personal jurisdiction.

22. The burden on STS if it is forced to litigate this case in Texas would be extremely high. *All* of the relevant witnesses and documents are in Slovakia. A translator would be required for many witnesses and most of the documents as well. Neither Plaintiffs nor Defendants would be capable of compelling third-party witnesses residing in Slovakia who may have relevant information. Furthermore, the seven-hour time difference between Houston and Slovakia and minimum fifteen-hour travel times contribute to difficulties for STS coordinating with its counsel.

23. Texas has no real interest in adjudicating this dispute. None of the parties are Texas residents, and none of the alleged tortious acts occurred in Texas. *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 114 (1987) (plurality opinion) ("Because the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished."). Moreover, Plaintiffs appear to agree that Slovakian law—not Texas law—would apply to their claims.[24] Slovakian courts are better situated to deal with issues of Slovakian law than Texas courts. At bottom, the torts alleged by Plaintiffs simply have no relation to Texas.

---

[24] *See e.g.*, Ex. 1 at Unsworn Declaration of Peter Devinsky ¶¶ 2, 7-12 (declaration of Slovakian attorney regarding Slovakian employment law).

24. The "plaintiff's interest in obtaining convenient and effective relief" does not outweigh the burden on STS either. There is no evidence that Slovakia is incapable of providing Plaintiffs the relief they seek. Slovakian courts recognize and provide potential relief for each of the causes of actions which Plaintiffs assert in this case. Furthermore, Slovakia has been determined to be an adequate forum by several United States courts. *See Schur Flexibles Holding GesmbH v. Peschanskiy*, H044405, 2019 WL 3369835, at *8 (Cal. Ct. App. July 26, 2019) (unpublished) ("based on defendants' declarations submitting to jurisdiction in Slovakia and waiving any applicable statute of limitations, defendants satisfied their burden on the threshold issue of the suitability of Slovakia as a forum for trial"); *Boston Telecomms. Grp. Inc. v. Wood*, C02-05971 JSW, 2008 WL 11434560, at *3–4 (N.D. Cal. May 6, 2008) ("Although "in a particular case, the evidence may well support the conclusion that a legal system is so fraught with corruption, delay and bias as to provide 'no remedy at all,'" the Court finds that the evidence submitted by Plaintiffs does not defeat Wood's showing that the Slovak Republic would provide an adequate alternative forum."), *rev'd on other grounds*, 588 F.3d 1201 (9th Cir. 2009). Indeed, because virtually all the relevant witnesses and documents are in or near Slovakia, the parties would be capable of compelling third-party witnesses residing in Slovakia, and likely would not need to hire translators, Slovakia would be a much more convenient and effective forum for Plaintiffs to seek relief.

25. Finally, "the interstate judicial system's interest in obtaining the most efficient resolution of controversies" and the "shared interest of the several [s]tates in furthering fundamental substantive social policies" also both weigh in favor of finding that Texas does not have personal jurisdiction over STS. It is readily apparent that the most efficient forum for resolution of a dispute between Slovakian companies regarding Slovakian employees residing in Slovakia is not Harris County, Texas. Moreover, the United States' interest in furthering a fundamental substantive social

policy—respect for the autonomy of foreign nations and their legal systems—would be served by finding no personal jurisdiction over STS. At bottom, it would be offensive to notions of fair play and substantial justice for a court with no real relation to STS to exercise control over it.

### 2. Plaintiffs have failed to state a claim against STS because it is not a party to the Master Services Agreement between STI and NDG and thus not subject to the venue provision.

26. As noted above, STS is not a party to the MSA which contains the venue provision, and in fact, the MSA was signed more than 7 years before STS even came into existence.[25] Nor has STS ever issued a Purchase Order to either NDG or NKE under the MSA or otherwise agreed or submitted to the terms of that contract.[26] Plaintiffs omit these critical facts from their Petition.[27] In this case, because Plaintiffs have not alleged (and do not have) any other basis for finding that Harris County, Texas or this Court are the proper venue for a suit against STS—a Slovakian company—regarding alleged torts which took place in Slovakia, Plaintiffs have no reasonable basis to recover against STS.

### 3. STS's citizenship is ignored for purposes of determining whether complete diversity exists.

27. Because Plaintiffs' Petition reveals no reasonable possibility that they can recover against STS, STS has been improperly joined in this lawsuit, and its citizenship is ignored in the removal analysis. *See Lopez*, 197 F. Supp. 3d at 948 ("[T]he court may ignore an improperly joined, non-diverse defendant when determining its subject-matter jurisdiction."). Thus, Plaintiffs are citizens

---

[25] Ex. 1 at Ex. 1, Master Services Agreement by and between Solar Turbines Incorporated and Ness Deutschland GmbH at 1.5 ("'Company' means Solar Turbines Incorporated….and any of its and their affiliates and subsidiaries who issue a Purchase Order to Contractor"), p. 26 (signature on behalf of Ness Deutschland GmbH); Ex. 13, Translation of Commercial Extract from Slovak Business Register for STS at p. 7 (showing STS was first formed March 27, 2021).
[26] Ex. 18, Declaration of Marco Leon at ¶ 5; *see supra* n. 22.
[27] "[I]f the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may pierce the pleadings and conduct a summary inquiry." *Ga. Gulf Lake Charles, LLC*, 342 F. App'x at 915.

of the Netherlands and Pennsylvania. STI is a citizen of Delaware and California. Complete diversity, as between Plaintiffs on the one hand and STI on the other, exists.

### III. The Procedural Requirements for Removal Have Been Satisfied.

28. STI was served with Plaintiffs' Petition on June 17, 2021. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

29. The United States District Court for the Southern District of Texas, Houston Division, includes the county in which the state court action is now pending. Therefore, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §§ 124(b)(2) and 1441(a).

30. STS is not required to consent to this removal because it has been improperly joined. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants **who have been properly joined and served** must join in or consent to the removal of the action.") (emphasis added); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Additionally, STS also need not consent to this removal because it is a non-served, non-resident defendant. *See DiCesare-Engler Prods., Inc. v. Mainman Ltd.*, 421 F. Supp. 116 (W.D. Pa. 1976).

31. Pursuant to 28 U.S.C. § 1446(d), STI is simultaneously filing written notice of this removal with the district clerk of the state court where the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C § 1446(d).

32. Pursuant to Local Rule 81 for the Southern District of Texas, STI attaches the following indexed documents to this removal:

   a. Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit A);

   b. All executed process in the case (Exhibit B);

   c. All orders signed by the State Judge (Exhibit C);

d. The docket sheet (Exhibit D);

   e. An index of matters being filed (Exhibit E); and

   f. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

33. STI submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief may be granted, without admitting that Plaintiffs have standing, and without admitting that Plaintiffs are entitled to any monetary or equitable relief whatsoever.

## IV.     Conclusion

STI respectfully requests that this Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in state court in accordance with the law.

Respectfully submitted,

*/s/ Danny David*
Danny David
State Bar No. 24028267
danny.david@bakerbotts.com
Paul Morico
State Bar No. 00792053
paul.morico@bakerbotts.com
Kevin Jacobs
State Bar No. 24012893
kevin.jacobs@bakerbotts.com
Michelle Eber
State Bar No. 24078727
michelle.eber@bakerbotts.com
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

**ATTORNEYS FOR DEFENDANT SOLAR TURBINES INCORPORATED**

## CERTIFICATE OF SERVICE

I certify that on June 23, 2021, a copy of the foregoing was served by electronic means on the following counsel of record:

>Mr. Christopher Porter
>Ms. Elizabeth McKee Devaney
>Mr. Kevin S. Reed
>Quinn Emanuel
>711 Louisiana Street, Suite 500
>Houston, Texas 77002

>*/s/ Danny David*
>Danny David